UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MALLIN, et. al. <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL CITY MORTGAGE INC., et al., and DOES 1-200, inclusive, <br><br> Defendants. | No. 05-1499 SC <br><br> MEMORANDUM AND ORDER AUTHORIZING NOTICE TO COLLECTIVE CLASS UNDER FLSA SECTION 216(b) |

**I.   INTRODUCTION**

Plaintiffs, former telemarketing loan originators, bring this action against their former employer, Defendants National City Mortgage Inc., National City Mortgage Co., and City Bank of Indiana ("Defendants"), alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and state labor laws by improperly classifying loan originators as "exempt" employees and failing to pay overtime and minimum wages. Plaintiffs now move for authorization to send notice to all similarly situated employees under §216(b) of the FLSA, advising them of their right to join in this lawsuit for the purpose of pursuing their federal claims.  Defendants oppose the motion, arguing that Plaintiffs' claims are not appropriate for collective

class treatment. For the reasons discussed herein, this Court (1) conditionally certifies a class for the limited purpose of providing potential class members with notice of this action and granting them the opportunity to join, and (2) resolves the dispute between the parties as to the content and form of the notice to be sent to former loan originators by modifying Plaintiffs' revised proposed notice.

**II.  BACKGROUND**

The named Plaintiffs in this action are eight individuals who formerly worked for Defendants as "loan originators" in Defendants' in-house Preferred Lending Center ("PLC") in Santa Rosa, California. Plaintiffs' Memorandum in Support of Motion for Notice to Collective Class at 1 ("Pls.' Mem."). The putative class for purposes of the federal claims is comprised of all current and former employees of Defendants who worked as telemarketing loan originators between August 5, 2002 and the present. Id at 5.

Defendants operate five PLCs throughout the country: Santa Rosa and Century City, California; Grandville and Kalamazoo, Michigan; and Miamisburg, Ohio. Declaration of Alan Avery ¶5 ("Avery Decl."). There are approximately 144 total loan originators currently employed at the five PLCs. Id.

Loan originators employed by Defendants are categorized by the type of loan sold or method by which the sales lead is generated. Id ¶6. Thus, loan originators are categorized as "inbound" if they specialize in handling calls made to the PLC, "outbound" if they specialize in making calls from the PLC,

2

"equity" if they specialize in second mortgages or lines of credit, and "subprime" if they specialize in assisting customers with less than ideal credit ratings. Id.

Prior to January 2005, Defendants classified all loan originators working in their PLCs as "exempt" employees, and therefore did not consider them eligible for overtime pay. Id ¶¶16-17. In January 2005, however, Defendants "reevaluated" their pay practices and reclassified loan originators as non-exempt employees. Id ¶17. Accordingly, in March 2005, Defendants issued payments to loan officers to compensate them for overtime worked prior to January 1, 2005. See, e.g., Declaration of Mike Smith ¶10 ("Smith Decl."). Shortly thereafter, Plaintiffs initiated the instant action. Relevant to this motion, Plaintiffs allege that loan originators were not exempt employees, and that Defendants failed to compensate Plaintiffs for all overtime hours worked during the class period. Additional state law causes of action contained in the complaint will presumably be the subject of a forthcoming motion for Rule 23 class certification; at this juncture, the Court considers only whether it should authorize notice to potential class members advising them of their right to join as plaintiffs in pursuing the FLSA claims.

**III. DISCUSSION**

The Fair Labor Standards Act provides that an action may be brought against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). Any potential plaintiff who seeks to join the collective action must affirmatively "opt-in" to the

3

1  suit by filing a written notice of consent with the court.  Id.
2  District courts may facilitate notice to potential plaintiffs in
3  order to implement the collective action provision of §216(b).
4  See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 169-70
5  (1989).

6  Thus, the threshold question in any FLSA case where
7  plaintiffs seek authorization to notify potential plaintiffs of
8  their right to join in the collective action is whether proposed
9  class members are "similarly situated" with respect to the named
10 plaintiffs.  See, e.g., Leuthold v. Destination America, 224
11 F.R.D. 462, 466 (N.D. Cal. 2004).  The statute does not define
12 "similarly situated," and the Ninth Circuit has not yet endorsed a
13 test or definition for that term.  See id.

14 In determining how to evaluate whether proposed class members
15 are "similarly situated," courts in this circuit have proceeded
16 under an *ad hoc*, two-step approach, first issuing notice to
17 prospective plaintiffs, followed by a later determination (usually
18 precipitated by a motion to decertify) of whether the class
19 members are truly similarly situated.  See Leuthold, 224 F.R.D. at
20 466; Pfohl v. Farmers Insurance Group, No. C03-3080, 2004 WL
21 554834 (C.D. Cal. Mar. 1, 2004); Wynn v. Nat'l Broadcasting Co.
22 Inc., 234 F. Supp.2d 1067 (C.D. Cal. 2002).

23 Under this two-tiered approach, courts must first determine
24 whether potential class members should be notified of the action,
25 the standard for which has been widely described as "lenient."
26 See Leuthold 224 F.R.D. at 467; Pfohl 2004 WL 554834 at *2;
27 Wertheim v. State of Arizona, No. Civ. 92-453, 1993 WL 603552 at

28

4

*1 (D. Ariz. Sept. 30, 1993). Courts have explained that in order to satisfy this standard, plaintiffs must show only that "some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." Wertheim, 1993 WL 603552 at *1; see also Realite v. Ark Restaurants Corp., 7 F. Supp. 2d. 303, 306 (S.D.N.Y. 1998) (noting that "courts have found that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law"); Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392, 407 (D.N.J. 1988) ("In general, however, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan...").

In this case, the fact that loan originators were previously classified as exempt is not in dispute. See Avery Decl. ¶17. Although this Court declines to express any opinion with respect to Plaintiffs' assertion that Defendants "essentially admitted" that loan officers were misclassified by undertaking the January 2005 reclassification, the Court does note that the reclassification apparently applied to all loan originators, regardless of the PLC in which they worked. Id. Furthermore, although Defendants have made much of the different specialties of each loan originator and the different working hours and workplace policies of each PLC, a review of the filings and declarations submitted reveals that, as far as is relevant to this motion, the

1  everyday tasks and responsibilities of each loan originator do not
2  reveal a great deal of variance, even across specialty areas or
3  PLCs.  Compare Declarations of Doug DeLong ¶3, Mike Smith ¶¶4-5,
4  and Marianne Koukios ¶3 with Declarations of Gerald Slaten ¶2,
5  Drinda Milliken ¶2, and Kelly Sheets ¶2.
6      Although the evidence submitted by Plaintiffs to support
7  their claim that loan originators regularly worked overtime is
8  hardly robust and is not corroborated by the declarations
9  submitted by Defendants, this Court finds that Plaintiffs'
10 allegations nonetheless suffice to meet the lenient standard.  See
11 Leuthold, 224 F.R.D. at 468 (finding that allegations of complaint
12 along with affidavits submitted by lead plaintiffs alleging that
13 they regularly worked overtime were sufficient to meet the
14 standard for conditional certification).  Therefore, taking notice
15 of the light burden imposed on plaintiffs moving for conditional
16 certification, this Court finds that Plaintiffs in the instant
17 case have properly alleged a companywide policy of improperly
18 classifying loan originators as exempt employees, and therefore
19 failing to pay overtime wages in violation of the FLSA.

20 **IV.   CONCLUSION**

21     In sum, Plaintiffs have alleged that Defendants' policy of
22 classifying loan originators as exempt from overtime laws runs
23 afoul of the Fair Labor Standards Act, and that they are therefore
24 entitled to collect payments for overtime hours worked.  Those
25 allegations, along with the declarations of the named Plaintiffs,
26 are sufficient to meet the lenient standard imposed on plaintiffs
27 seeking conditional class certification.  Although Defendants have

6

raised several potentially valid concerns regarding the differing work schedules, workplace policies, and state labor laws that applied to loan originators at Defendants' PLCs, those concerns do not affect this Court's decision with respect to the present motion to conditionally certify a collective class for purposes of providing notice to potential class members.  Defendants will have their opportunity to challenge whether Plaintiffs are actually similarly situated after the factual record has been developed further.  At this juncture, however, the Court is satisfied that Plaintiffs have met their burden and may notify putative class members of the pendency of the action.

Accordingly, it is hereby ORDERED that Defendants have 21 days from the date of this Order to provide Plaintiffs with the names and last known addresses of all current and former loan originators who worked for Defendants between August 5, 2002 and the present.  It is further ORDERED that Plaintiffs shall bear responsibility for mailing notice to such current and former loan originators, which notice shall take the form and content as provided in Plaintiffs' revised proposed notice, as modified by this Court.

IT IS SO ORDERED:


July 15, 2005                    /s/  Samuel Conti
                                 UNITED STATES DISTRICT JUDGE

7